UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JANET DEMONTE, *on behalf of herself
and all others similarly situated*,

    Plaintiff,

v.

GLASS MOUNTAIN CAPITAL LLC,
*A Delaware Limited Liability Company,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.    On behalf of herself and the putative class, Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

### PARTIES

3.    Plaintiff, Janet Demonte ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

4.    Defendant, Glass Mountain Capital LLC, ("Defendant") is a Delaware Limited Liability Company engaged in the business of collecting consumer debts, whose principal address is 1930 Thoreau Drive, Suite 100, Schaumburg, IL 60173. Defendant is licensed in Florida as a consumer collection agency, license number CCA0900950.

1

5.  Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

6.  Defendant regularly collects or attempts to collect consumer debts for other parties.  Defendant is a "debt collector" as defined in the *FDCPA*.

7.  At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8.  Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a Pay Pal credit account.  The Pay Pal credit account was not used for any commercial purpose.  The debt was incurred primarily for personal, household or family use.

9.  On or about May 22, 2014, Defendant mailed a letter to Plaintiff seeking payment of the alleged debt. (The "Demand Letter" attached hereto as "Exhibit 1").

10.  The Demand Letter states in part:

>   Client: BILL ME LATER
>   Original Creditor: Comenity Capital Bank
>
>   xxxx
>
>   BILL ME LATER has acquired the above referenced account and is collecting the amount due through Glass Mountain Capital LLC.
>
>   xxxx
>
>   **This communication is from a debt collector.**
>   This is an attempt to collect a debt and any information obtained will be used for that purpose.

11.  The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

12.  *15 U.S.C. §1692g(a)* states:

2

> Validation of debts.
>
> (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
> (2) **the name of the creditor to whom the debt is owed;**
> (3) a statement that unless the consumer, within thirty after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

13. The Demand Letter states BILL ME LATER is the creditor/client to whom the debt is owed and that the original creditor was Comenity Capital Bank.

14. BILL ME LATER is a PayPal company[1] and service.[2]

15. Comenity Capital Bank is the actual creditor to whom the alleged debt is owed.

16. Defendant falsely and misleadingly identifies BILL ME LATER as the creditor/client to whom the debt is owed.

---

[1] See:  https://www.billmelater.com/about/index.xhtml
"Bill Me Later, Inc. was acquired by eBay. Inc. in 2008, and is a PayPal company…" last accessed December 9, 2014.
[2] See:  https://www.billmelater.com/cm/paypal/landers/12ppbmlACQl.html
"Bill Me Later is a PalPal service that gives you more time to pay." Last accessed December 9, 2014.

17. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

18. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the United States (ii) to whom letters were sent that misleadingly identified BILL ME LATER as the creditor/client to whom a debt was owed (iii) by Defendant (iv) which were not returned undelivered by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

19. Plaintiff alleges on belief based upon the Defendant's use of the demand letters sent to consumers that misleading identified BILL ME LATER as the creditor/client to whom the debt was owed, that the Class is so numerous that joinder of all members of the Class is impractical.

20. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member is that each was sent a demand letter by Defendant who misleadingly identified the name of the creditor/client as BILL ME LATER. The principal legal issue is whether Defendant's misleading identification of the creditor in regard to the collection of a consumer debt violates the *FDCPA*.

21. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

22. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA*

4

and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

23. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATION OF *15 U.S.C. § 1692g(a)*

25. Plaintiff re-alleges Paragraphs 1 through 17.

26. After an initial communication with Plaintiff, pursuant to *15 U.S.C §1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
> (2) **the name of the creditor to whom the debt is owed;**
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of

5

> the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

27. Defendant sent a Demand Letter to Plaintiff on behalf of BILL ME LATER in an attempt to collect a consumer debt, namely to collect a past due balance on Pay Pal credit account.

28. Pursuant to the *FDCPA,* the Demand Letter is an initial communication between Defendant and Plaintiff.

29. Defendant identified BILL ME LATER as the name of the client/creditor to whom the debt was owed and Comenity Capital as the original creditor when, in actuality, Comenity Bank is the actual creditor to whom the alleged debt was owed.

30. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

31. As a result of Defendant's Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **COUNT II**
## **VIOLATION OF *15 U.S.C. §1692e***

32. Plaintiff re-alleges Paragraphs 1 through 17 and Paragraphs 25 through 31.

33. Pursuant to *15 U.S.C. §1692g(a)(2)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

> xxxx
>
> (2) the name of the creditor to whom the debt is owed;

34. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant sent a Demand Letter to Plaintiff supposedly on behalf of BILL ME LATER, in an attempt to collect a consumer debt, namely to collect the balance owed on a PayPal credit account.

36. The Demand Letter is a communication between Defendant and Plaintiff.

37. The Demand Letter is misleading and false by claiming BILL ME LATER acquired the debt when in fact BILL ME LATER did not acquire the debt and Comenity Capital Bank is the actual current creditor to whom the alleged debt is owed.

38. By claiming BILL ME LATER was the client/creditor to whom the debt was owed, Defendant has attempted to mislead Plaintiff and the Class into believing that the Demand Letter correctly identified the name of the creditor to whom the debt was owed.

39. Defendant's Demand Letter is misleading and false as it identified BILL ME LATER as the client/creditor and Comenity Capital Bank as the original creditor to whom the debt was owed when BILL ME LATER is a PayPal company[3] and Comenity Capital Bank is the actual current creditor to whom the alleged debt is owed.

---

[3] See: https://www.billmelater.com/about/index.xhtml
Last accessed December 9, 2014.

40. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

41. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

42. As a result of Defendant's Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying this matter as a Class action and appointment of Janet Demonte as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. § 1692k*;

d. Attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 29, 2014.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.234.5150

Facsimile: 772.234.5132
lwd@verobeachlegal.com

*Attorney for Plaintiff*